## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## LUFKIN DIVISION

| | | |
|---|---|---|
| Maria Jenkins, Individually, | § | |
| And On Behalf of | § | |
| All Others Similarly Situated | § | |
| | § | |
| Plaintiffs, | § | Civil Action No. 9:25-cv-97 |
| | § | |
| v. | § | |
| | § | **JURY DEMANDED** |
| Urgent Health Solutions, PLLC, | § | |
| d/b/a Urgent Doc | § | |
| and | § | |
| Michael G. Iversen, Individually | § | |
| | § | |
| Defendants | § | |

## ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL

> **NOTICE REGARDING RETALIATION – 29 U.S.C. Sec. 215(a)(3)**
>
> **Under the Fair Labor Standards Act (FLSA) it is unlawful for an employer to discharge or to in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under the FLSA.**

Plaintiff Maria Jenkins ("Named Plaintiff"), on behalf of herself and all others similarly situated ("Class Members") (Named Plaintiff and Class Members are collectively referred to as "Plaintiffs") brings this Fair Labor Standards Act ("FLSA") suit against Urgent Health Solutions, PLLC, d/b/a Urgent Doc ("UHS"), and Michael G. Iversen, Individually ("Iversen"), (hereinafter referred to collectively as "Defendants"), under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as amended.

1

## I.    NATURE OF SUIT

1.    Defendants have a business plan whereby they hire employees including Nurse Practitioners, Physician Assistants, and Medical Assistants, misclassifying them as exempt employees, and working them well over forty hours per week without paying time and one-half for their overtime hours. Defendants do this to avoid paying proper overtime compensation, saving Defendants money and allowing them to gain an unfair advantage over competitors who pay their employees correctly.

2.    Because there are other putative plaintiffs who are similarly situated to the Named Plaintiff regarding the uncompensated work they have performed and the Defendants' compensation policies, Named Plaintiff Jenkins brings this lawsuit on behalf of herself and all similarly situated current and former hourly employees, regardless of their job duties or title, to recover unpaid overtime that is required to be paid by the FLSA.

## II.    PARTIES

3.    Named Plaintiff Maria Jenkins is an individual residing in this judicial district. Her consent is attached hereto as Exhibit A.

4.    As used herein, the terms "relevant period" and "relevant times" refers to the time three years preceding the date this action was filed.

5.    At all relevant times, Named Plaintiff Jenkins has been an "employee" of Defendants as defined by the FLSA.

6.    Named Plaintiff Jenkins has been jointly employed by Defendants from June 2022 through present as an hourly Registered Nurse, Family Nurse Practitioner.

7.    At all relevant times, Defendants were Jenkins' joint "employer" as defined by the FLSA.

2

8.     Plaintiffs are Defendants' current and former joint employees, regardless of titles or duties, who were paid hourly and whose overtime hours were not properly compensated or whose overtime hours were improperly reduced by Defendants.

9.     As a result of these illegal practices, Defendants' hourly employees were not properly paid overtime compensation for all hours worked over forty in a workweek.

10.     Defendant UHS is a domestic limited liability company formed and existing under the laws of the State of Texas.

11.     Defendant UHS is a joint employer of Named Plaintiff Jenkins and those similarly situated as defined by 29 U.S.C. §203(d).

12.     Defendant UHS can be served with process by serving its registered agent for service of process, Michael G. Iversen, 1503 Hanks Street, Lufkin, Texas 75904.

13.     Defendant Iversen is a joint employer of Named Plaintiff Jenkins and those similarly situated as defined by 29 U.S.C. §203(d).

14.     Defendant Michael Iversen can be served with process at 1503 Hanks Street, Lufkin, Texas 75904, or wherever else he may be found.

### III.    JURISDICTION AND VENUE

15.     This Court has subject matter jurisdiction in this matter because Named Plaintiff asserts claims arising under federal law.  Specifically, Named Plaintiff asserts claims arising under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq.  Therefore, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.  This Court also has personal jurisdiction over all parties to this action.

16.    This Court has personal jurisdiction over Defendants because Defendants conduct business in Texas and have entered into relationships with Plaintiffs in Texas and have committed actions in Texas that give rise to this cause of action.

17.    Venue is proper in the Eastern District of Texas, Lufkin Division, pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events or omissions giving rise to this cause of action occurred in Nacogdoches County, Texas which is located in this District and Division.  Inasmuch as Defendants are subject to this Court's personal jurisdiction for purposes of this civil action, Defendants reside in this judicial district.  Venue in this Court is therefore proper under 28 U.S.C. § 1391(b).

## IV.    FLSA COVERAGE

18.    At all relevant times, Defendants have acted, directly or indirectly, in the interest of an employer with respect to Named Plaintiff and the Class Members.

19.    At all relevant times, Defendants have been an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

20.    At all relevant times, Defendants have been engaged in an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

21.    At all relevant times, Defendants have each been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that Defendants are each an enterprise and have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that each enterprise has had and has an annual gross volume of sales made

or business done of not less than $500,000 (exclusive of excise taxes at the retail level which is separately stated).

22.     Named Plaintiff and Class Members handled and otherwise worked with equipment, such as telephones, computers, cleaning supplies, medications, and medical supplies that have been moved in or produced for commerce as defined by 29 U.S.C. §203(b).

23.     At all times hereinafter mentioned, Named Plaintiff and Class Members were individual "employees" (as defined in Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1)) who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §207 and whom Defendants at all relevant times "employ[ed]," within the meaning of Section 3(g) of the FLSA, 29 U.S.C. § 203(g).

## V.    FACTUAL ALLEGATIONS

24.     Defendants operate multiple urgent care clinics that operate under the assumed name "Urgent Doc."

25.     Defendants employ a number of hourly employees to provide services to their customers, clients, and patients. These employees include Nurse Practitioners, Physician Assistants, and Medical Assistants.

26.     Michael G. Iversen is an individual who is an owner, President, and Director of Urgent Health Solutions, PLLC, d/b/a Urgent Doc ("UHS").

27.     As an owner, President, and Director of UHS, Michael G. Iversen independently exercised managerial responsibilities and substantial control over the work situation of the employees of UHS, including Named Plaintiff Jenkins and the class members.

28.     Michael G. Iversen determined the wages to be paid to employees of UHS, including Named Plaintiff Jenkins and the class members.

29.    Michael G. Iversen determined the hours to be worked by employees of UHS, including Named Plaintiff Jenkins and the class members.

30.    Michael G. Iversen maintained the employment records of employees of UHS, including Named Plaintiff Jenkins and the class members.

31.    Michael G. Iversen maintained the power to discipline employees of UHS, including Named Plaintiff Jenkins and the class members.

32.    Michael G. Iversen maintained the power to hire and fire employees of UHS, including Named Plaintiff Jenkins and the class members.

33.    Michael G. Iversen maintained control, oversight, and direction over the operation of Defendants' employment practices, including those practices affecting Named Plaintiff Jenkins and the class members.

34.    Defendants employ Named Plaintiff Jenkins as a Registered Nurse, Family Nurse Practitioner.

35.    Named Plaintiff Jenkins has worked for Defendants jointly from approximately June 2022 through present.

36.    Throughout her employment, Defendants paid Named Plaintiff Jenkins on an hourly basis.

37.    Throughout her employment, Named Plaintiff Jenkins was a nonexempt employee.

38.    Named Plaintiff Jenkins regularly worked in excess of forty (40) hours per workweek (overtime hours).

39.    Defendants were aware that Named Plaintiff Jenkins regularly worked in excess of forty (40) hours per workweek.

40.     During one or more weeks of Jenkin's employment with Defendants wherein she worked overtime hours, Defendants failed to pay her one and one-half times her regular rate of pay for each overtime hour worked (overtime compensation). Instead, on those occasions when Defendants have paid Jenkins for overtime hours worked, they have paid only straight time

41.     Additionally, during one or more weeks of Jenkin's employment with Defendants wherein she worked overtime hours, Defendants only paid her for hours within her scheduled shift and failed to pay her for any hours worked after her scheduled shift.

42.     Defendants have employed and are employing other individuals who have performed duties for Defendants under the same pay provisions as Named Plaintiff Jenkins, in that they were hourly employees who regularly worked more than forty hours per week who were paid straight time for overtime hours or were not paid at all for overtime hours.

43.     Defendants have knowingly, willfully, or with reckless disregard carried out, and continue to carry out, their illegal pattern or practice of failing to pay Named Plaintiff Jenkins and the Class Members overtime pay for all hours worked over forty per workweek.

44.     No justification or excuse existed for Defendants' practice of failing to compensate Plaintiff Jenkins and the Class Members one and one-half times their regular rate of pay for each overtime hour worked.

## VI.     COLLECTIVE ACTION ALLEGATIONS

45.     While Named Plaintiff Jenkins and the Class Members may have had different duties, they are all bound together by the same policy decision instituted by Defendants to pay hourly employees only straight time or not at all for their overtime hours.  As such, Named Plaintiff Jenkins and the Class Members were subjected to the same pay provisions in that they were not paid overtime premiums for all hours worked over forty per workweek.  Thus, the Class Members

are owed one-half times their regular hourly rate for all hours worked over forty in a workweek for which they were paid straight time, and time and one-half for all hours over forty in a workweek for which they received no compensation. This, without regard to their individualized circumstances.

46.    Defendants have a policy or practice of not paying their hourly employees time and one-half their regular hourly rate for all hours worked over forty per workweek.  This policy or practice is and has been, at all relevant times, applicable to the Named Plaintiff and all Class Members.  Application of this policy or practice does not depend on the personal circumstances of the Named Plaintiff or those joining this lawsuit.  Rather, the same policy or practice that resulted in the refusal to pay time and one-half for all hours worked over forty per workweek to Named Plaintiff also applies to all Class Members.  Accordingly, the "Class Members" are properly defined as:

**All current and former hourly employees, regardless of position, employed by Defendants within the State of Texas within the last three years who were not paid time and one-half for all hours worked over forty per workweek.**

## VII.    CAUSE OF ACTION
### FAILURE TO PAY OVERTIME WAGES IN
### ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

47.    During the relevant period, Defendants have violated and are violating Section 7 of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as stated herein above, for workweeks longer than 40 hours without compensating such employees for all of their work in excess of forty hours per week at rates no less than one and-one-half times their correct regular rates for which they were employed.  Defendants have acted willfully in failing to pay Named Plaintiff and the Class Members in accordance with applicable law.

8

48.     In further violation of the FLSA, Defendants have failed to maintain accurate employee pay records, including the number of hours worked per workweek by Named Plaintiff Jenkins and the Class Members.

49.     None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the correct regular rate at which their employees are paid are applicable to the Named Plaintiff or Class Members, as they are all hourly employees.

## VIII.   JURY TRIAL DEMAND

50.     Plaintiffs demand a jury trial on all issues so triable.

## PRAYER

Named Plaintiff Maria Jenkins and the Class Members pray for an expedited order directing notice to putative class members pursuant to 29 U.S.C. § 216(b), and, upon trial of this cause, judgment against Defendants Urgent Health Solutions, PLLC, d/b/a Urgent Doc ("UHS"), and Michael G. Iversen, Individually, jointly and severally, as follows:

a.     For an Order pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b), finding Defendants liable for unpaid back wages due to Named Plaintiff (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Named Plaintiff (and those who may join the suit);

b.     For an Order awarding Named Plaintiff (and those who may join in the suit) the taxable costs and allowable expenses of this action;

c.     For an Order awarding Named Plaintiff (and those who may join in the suit) attorneys' fees;

9

d.        For an Order awarding Named Plaintiff (and those who may join in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

e.        For an Order awarding Named Plaintiff declaratory and injunctive relief as necessary to prevent the Defendants' further violations, and to effectuate the purposes, of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq.; and

f.        For an Order granting such other and further relief, at law or in equity, as may be necessary and/or appropriate.

Respectfully submitted,


By: */s/ David G. Langenfeld*
    **David G. Langenfeld**
    Attorney-in-Charge
    State Bar No. 11911325
    LEICHTER LAW FIRM
    1602 East 7th Street
    Austin, TX  78702
    Tel.:  (512) 495-9995
    Fax:   (512) 482-0164
    Email:  david@leichterlaw.com

**ATTORNEY FOR PLAINTIFF**