UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| Maria Jenkins, Individually, | § | |
| And On Behalf of | § | |
| All Others Similarly Situated | § | |
| | § | |
| Plaintiffs, | § | Civil Action No. 9:25-cv-97 |
| | § | |
| v. | § | |
| | § | JURY DEMANDED |
| Urgent Health Solutions, PLLC, | § | |
| d/b/a Urgent Doc | § | |
| and | § | |
| Michael G. Iversen, Individually | § | |
| | § | |
| Defendants | § | |

ORIGINAL ANSWER TO FIRST AMENDED ORIGINAL COMPLAINT AND
AFFIRMATIVE DEFENSES OF DEFENDANTS COMMUNITY CARE PARTNERS, LLC,
TMC PROVIDER GROUP, PLLC AND TMC MEDICAL MANAGEMENT, LTD.

TO THE HONORABLE COURT:

Defendants Community Care Partners, LLC ("CCP"), TMC Provider Group, PLLC

("TMCPG") and TMC Medical Management, Ltd. ("TMCMM") file their Answer to the First

Amended Original Complaint ("Complaint") filed by Named Plaintiff Maria Jenkins, with

Affirmative Defenses and state:

**ANSWER**

Subject to and without waiving the affirmative and other defenses and counterclaims

herein, CCP, TMCPG and TMCMM answer as follows to the specific allegations contained in

the Complaint.

## I.    NATURE OF SUIT

1.    In response to Paragraph 1 of the Complaint, CCP, TMCPG and TMCMM admit that prior to April 17, 2025, UHS hired employees including Nurse Practitioners, Physician Assistants, and Medical Assistants.  CCP, TMCPG and TMCMM are without sufficient information to form a belief as to the remaining allegations in Paragraph 1 of the Complaint.

2.    In response to Paragraph 2 of the Complaint, CCP, TMCPG and TMCMM are without sufficient information to form a belief as to the allegations in Paragraph 2 of the Complaint.

## II.    PARTIES

3.    In response to Paragraph 3 of the Complaint, CCP, TMCPG and TMCMM are without sufficient information to form a belief as to the allegations of Paragraph 3 of the Complaint.

4.    Paragraph 4 of the Complaint does not contain allegations to which a response from CCP, TMCPG and TMCMM is required.

5.    In response to Paragraph 5 of the Complaint, CCP, TMCPG and TMCMM admit that Named Plaintiff has been an employee of UHS.  CCP, TMCPG and TMCMM are without sufficient information to form a belief as to the remaining allegations in Paragraph 5 of the Complaint.

6.    In response to Paragraph 6 of the Complaint, CCP, TMCPG and TMCMM admit that Named Plaintiff was an employee of UHS until April 17, 2025.  CCP, TMCPG and TMCMM are without sufficient information to form a belief as to the remaining allegations of Paragraph 6 of the Complaint.

7.  In response to Paragraph 7 of the Complaint, CCP, TMCPG and TMCMM admit that Named Plaintiff was an employee of UHS until April 17, 2025.  CCP, TMCPG and TMCMM are without sufficient information to form a belief as to the remaining allegations of Paragraph 7 of the Complaint.

8.  CCP, TMCPG and TMCMM are without sufficient information to form a belief as to the allegations of Paragraph 8 of the Complaint.

9.  CCP, TMCPG and TMCMM are without sufficient information to form a belief as to the allegations of Paragraph 9 of the Complaint.

10.  CCP, TMCPG and TMCMM admit the allegations of Paragraph 10 of the Complaint.

11.  In response to Paragraph 11 of the Complaint, CCP, TMCPG and TMCMM admit that Named Plaintiff was an employee of UHS.  CCP, TMCPG and TMCMM are without sufficient information to form a belief as to the remaining allegations of Paragraph 11 of the Complaint.

12.  CCP, TMCPG and TMCMM admit the allegations of Paragraph 12 of the Complaint.

13.  CCP, TMCPG and TMCMM are without sufficient information to form a belief as to the allegations of Paragraph 13 of the Complaint.

14.  CCP, TMCPG and TMCMM admit the allegations in Paragraph 14 of the Complaint.

15.  CCP, TMCPG and TMCMM admit the allegations in Paragraph 15 of the Complaint.

16.    CCP, TMCPG and TMCMM admit the allegations in Paragraph 16 of the Complaint.

17.    CCP, TMCPG and TMCMM admit the allegations in Paragraph 17 of the Complaint.

### III.    JURISDICTION AND VENUE

18.    CCP, TMCPG and TMCMM admit the allegations in Paragraph 18 of the Complaint.

19.    In response to Paragraph 19 of the Complaint, CCP, TMCPG and TMCMM admit they conduct business in Texas but deny that they have entered into relationships with Plaintiffs in Texas and deny that they have committed actions in Texas that give rise to the causes of action in the Complaint.  CCP, TMCPG and TMCMM admit that UHS has conducted business in Texas and that it employed Named Plaintiff in Texas.  CCP, TMCPG and TMCMM are without sufficient information to form a belief as to the remaining allegations of Paragraph 19 of the Complaint.

20.    In response to Paragraph 20 of the Complaint, CCP, TMCPG and TMCMM that Nacogdoches County, Texas is located in the Eastern District of Texas, Lufkin Division and that UHS employed Named Plaintiff in Lufkin, Texas.  CCP, TMCPG and TMCMM are without sufficient information to form a belief as to the remaining allegations of Paragraph 20 of the Complaint.

### IV.    FLSA COVERAGE

21.    In response to Paragraph 21 of the Complaint, CCP, TMCPG and TMCMM admit that UHS employed Named Plaintiff.  CCP, TMCPG and TMCMM are without sufficient information to form a belief as to the remaining allegations in Paragraph 21 of the Complaint.

22.     In response to Paragraph 22 of the Complaint, CCP, TMCPG and TMCMM admit that UHS has been an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d).  CCP, TMCPG and TMCMM are without sufficient information to form a belief as to the remaining allegations of Paragraph 22 of the Complaint.

23.     In response to Paragraph 23 of the Complaint, CCP, TMCPG and TMCMM admit that UHS has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. §203(r).  CCP, TMCPG and TMCMM are without sufficient information to form a belief as to the remaining allegations in Paragraph 23 of the Complaint.

24.     In response to Paragraph 24 of the Complaint, CCP, TMCPG and TMCMM admit that UHS has had employees and has had on occasion an annual gross volume of business of not less than $500,000.  CCP, TMCPG and TMCMM are without sufficient information to form a belief as to the remaining allegations in Paragraph 24 of the Complaint.

25.     CCP, TMCPG and TMCMM are without sufficient information to answer the allegations of Paragraph 25 of the Complaint.

26.     In response to Paragraph 26 of the Complaint, CCP, TMCPG and TMCMM deny that they employed Named Plaintiff and Class Members at all relevant times as defined in the Complaint.  CCP, TMCPG and TMCMM admit that UHS employed Named Plaintiff.  CCP, TMCPG and TMCMM are without sufficient information to form a belief as to the remaining allegations of Paragraph 26 of the Complaint.

### V.     FACTUAL ALLEGATIONS

27.     In response to Paragraph 27 of the Complaint, CCP, TMCPG and TMCMM admit that until April 18, 2025, UHS operated multiple urgent care clinics under the assumed name

"Urgent Doc".  CCP, TMCPG and TMCMM are without sufficient information to form a belief as to the remaining allegations of Paragraph 27 of the Complaint.

28.    In response to Paragraph 28 of the Complaint, CCP, TMCPG and TMCMM admit that until April 18, 2025, UHS employed a number of hourly employees to provide services to their customers, clients and patients, including Nurse Practitioners, Physician Assistants and Medical Assistants.  CCP, TMCPG and TMCMM are without sufficient information to form a belief as to the remaining allegations of Paragraph 28 of the Complaint.

29.    In response to Paragraph 29 of the Complaint, CCP, TMCPG and TMCMM admit that Iversen is an individual and was an owner, President and Director of UHS.  CCP, TMCPG and TMCMM are without sufficient information to form a belief as to the remaining allegations of Paragraph 29 of the Complaint.

30.    CCP, TMCPG and TMCMM are without sufficient information to form a belief as to the allegations of Paragraph 30 of the Complaint.

31.    CCP, TMCPG and TMCMM are without sufficient information to form a belief as to the allegations of Paragraph 31 of the Complaint.

32.    CCP, TMCPG and TMCMM are without sufficient information to form a belief as to the allegations of Paragraph 32 of the Complaint.

33.    CCP, TMCPG and TMCMM are without sufficient information to form a belief as to the allegations of Paragraph 33 of the Complaint.

34.    CCP, TMCPG and TMCMM are without sufficient information to form a belief as to the allegations of Paragraph 34 of the Complaint.

35.    CCP, TMCPG and TMCMM are without sufficient information to form a belief as to the allegations of Paragraph 35 of the Complaint.

36.     CCP, TMCPG and TMCMM are without sufficient information to form a belief as to the allegations of Paragraph 36 of the Complaint.

37.     In response to Paragraph 37 of the Complaint, CCP, TMCPG and TMCMM admit that UHS employed Named Plaintiff but deny that CCP, TMCPG and TMCMM employed Named Plaintiff.  CCP, TMCPG and TMCMM are without sufficient information to form a belief as to the remaining allegations of Paragraph 37 of the Complaint.

38.     CCP, TMCPG and TMCMM deny the allegations of Paragraph 38 of the Complaint.

39.     In response to Paragraph 39 of the Complaint, CCP, TMCPG and TMCMM admit that UHS paid Named Plaintiff on an hourly basis.  CCP, TMCPG and TMCMM are without sufficient information to form a belief as to the remaining allegations of Paragraph 39 of the Complaint.

40.     CCP, TMCPG and TMCMM are without sufficient information to form a belief as to the allegations of Paragraph 40 of the Complaint.

41.     CCP, TMCPG and TMCMM are without sufficient information to form a belief as to the allegations of Paragraph 41 of the Complaint.

42.     CCP, TMCPG and TMCMM are without sufficient information to form a belief as to the allegations of Paragraph 42 of the Complaint.

43.     CCP, TMCPG and TMCMM are without sufficient information to form a belief as to the allegations of Paragraph 43 of the Complaint.

44.     CCP, TMCPG and TMCMM are without sufficient information to form a belief as to the allegations of Paragraph 44 of the Complaint.

45.    CCP, TMCPG and TMCMM are without sufficient information to form a belief as to the allegations of Paragraph 45 of the Complaint.

46.    CCP, TMCPG and TMCMM are without sufficient information to form a belief as to the allegations of Paragraph 46 of the Complaint.

47.    CCP, TMCPG and TMCMM are without sufficient information to form a belief as to the allegations of Paragraph 47 of the Complaint.

48.    CCP, TMCPG and TMCMM deny the allegations of Paragraph 48 of the Complaint.

49.    In response to Paragraph 49 of the Complaint, CCP, TMCPG and TMCMM deny that CCP and TMCMM operate urgent care clinics known as Texas MedClinic at all former Urgent Doc locations but admit that TMCPG operates urgent care clinics known as Texas MedClinic at all former Urgent Doc locations.

50.    CCP, TMCPG and TMCMM deny the allegations of Paragraph 50 of the Complaint.

## VI.    COLLECTIVE ACTION ALLEGATIONS

51.    CCP, TMCPG and TMCMM are without sufficient facts to form a belief as to the allegations of Paragraph 51 of the Complaint.

52.    CCP, TMCPG and TMCMM are without sufficient facts to form a belief as to the allegations of Paragraph 52 of the Complaint.

## VII.    CAUSE OF ACTION

53.    CCP, TMCPG and TMCMM are without sufficient facts to form a belief as to the allegations of Paragraph 53 of the Complaint.

54.     CCP, TMCPG and TMCMM are without sufficient facts to form a belief as to the allegations of Paragraph 54 of the Complaint.

55.     CCP, TMCPG and TMCMM are without sufficient facts to form a belief as to the allegations of Paragraph 55 of the Complaint.

### VIII.   JURY TRIAL DEMAND

56.     No response is required to the demand for a jury trial.

### AFFIRMATIVE AND OTHER DEFENSES

1.     CCP, TMCPG and TMCMM adopt the affirmative defenses pled by UHS and Iversen.

2.     CCP, TMCPG and TMCMM assert the affirmative defense of statute of limitations.

3.     CCP, TMCPG and TMCMM reserve the right to add any and all additional affirmative defenses as they become known through discovery or investigation.

### PRAYER

CCP, TMCPG and TMCMM admit that Named Plaintiff and the Class Members are seeking the relief set forth in the Prayer; however, CCP, TMCPG and TMCMM deny that Named Plaintiff and the Class Members are entitled to any of the relief sought from CCP, TMCPG and TMCMM.

WHEREFORE, CCP, TMCPG and TMCMM respectfully request that Named Plaintiff and the Class Members take nothing by this suit, and that CCP, TMCPG and TMCMM recover their costs of court and reasonable attorneys' fees and all other relief to which they may be justly entitled.

Respectfully submitted,

**CHAPOTON SANDERS SCARBOROUGH LLP**

By:     /s/ *Gwyneth A. Campbell*
         John E. Chapoton Jr.
         Texas State Bar No. 04137010
         jchapoton@css-firm.com
         Gwyneth A. Campbell
         Texas State Bar No. 24005206
         gcampbell@css-firm.com
         952 Echo Lane, Suite 380
         Houston, Texas 77024
         Telephone: (713) 357-9710
         Facsimile: (713) 357-9690

         Counsel for Defendants
         Urgent Health Solutions, PLLC, d/b/a
         Urgent Doc, Michael G. Iversen,
         Community Care Partners, LLC, TMC
         Provider Group, PLLC and TMC Medical
         Management, Ltd.

CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of August 2025, a copy of the foregoing Original Answer to First Amended Original Complaint and Affirmative Defenses of Defendants Community Care Partners, LLC, TMC Provider Group, PLLC And TMC Medical Management, Ltd. was sent via the Court's ECF filing system to:

David G. Langenfeld
Key Law Office
1760 FM 967, Suite A
Buda, TX 78610
Email: david@keylawoffice.com

/s/ Gwyneth A. Campbell
Gwyneth A. Campbell